UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re | |
|---|---|
| RICHARD DANIEL HARRIS and KELLI RAE HARRIS,<br><br>**Debtors.** | **Bankruptcy Case No. 09-03792** |

**MEMORANDUM OF DECISION**

**Appearances:**

D. Blair Clark, BLAIR CLARK LAW OFFICES, Boise, Idaho, Attorney for Debtors.

James L. Martin, MOFFATT THOMAS BARRETT ROCK & FIELDS, Boise, Idaho, Attorney for Idaho Banking Company.

Richard Crawforth, Boise, Idaho, Chapter 7 Trustee.

*Introduction*

Creditor Idaho Banking Company ("Creditor") filed an Objection to Debtors' Claim of Exemption, Docket No. 23, to which Debtors Richard Daniel Harris and Kelli Rae Harris have responded. Docket No. 25. After

MEMORANDUM OF DECISION - 1

a hearing on May 4, 2010, at which the parties appeared, the issues were taken under advisement. The Court having considered the submissions and arguments of the parties, as well as the applicable law, issues the following Memorandum, which constitutes the Court's findings of fact and conclusions of law, and disposes of this contested matter. Fed. R. Bankr. P. 7052; 9014.[1]

*Findings of Fact*

Debtors grew up and formerly lived in Washington state. In May, 2001, they purchased a home and property in Concrete, Skagit County, Washington (the "Washington Property"), with the intention of fixing up and selling it. *See* Deposition of Richard D. Harris, Docket Nos. 34-1 at 46; 34-2.[2] The purchase price was $58,000. Docket No. 34-1 at 45-46. Within two or three years of the purchase, Debtors paid off the mortgage on the

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

[2] Mr. Harris appeared for deposition on March 26, 2010, pursuant to an Amended Notice of Deposition Duces Tecum of Richard Harris. Docket No. 34-2.

MEMORANDUM OF DECISION - 2

Washington Property, and now own it outright.  They have never resided in the Washington Property, and have rented it out from time to time.  *Id.* at 80; 48-49.

In late 2001 or early 2002, Debtors moved to Idaho.  They lived in several different homes in the Boise and Kuna areas.  At the time they filed their bankruptcy petition on December 1, 2009, Debtors resided in a house on Felly Rim Ct. in Boise.  Mr. Harris was in the car business, first with Harris Auto, and later with the Boise Auto Auction.  *Id*. at 38-39.  Debtors owned both of those businesses.  Ms. Harris is employed by the Oliver Finley cosmetology school, where she teaches esthetician classes.  *Id*. at 37.  She also attends Boise State University, where she has approximately one and a half years of course work left to complete to obtain a degree.  *Id.* at 122.

In order to help finance the auto businesses, in 2005, Ms. Harris' mother, Diane Gustafson, established a line of credit at People's Bank based upon an oral agreement between herself and Debtors.  *Id*. at 59, 69.  Debtors drew on this credit line periodically, but Gustafson also utilized

MEMORANDUM OF DECISION - 3

the credit to some extent. At some point, Gustafson asked Debtors to guarantee that she would be repaid the money they had borrowed on the line of credit. To accomplish this, on December 4, 2008, Debtors executed a promissory note in favor of Gustafson in the amount of $90,000, as well as a deed of trust on the Washington Property.[3] *Id*. at 77; Docket No. 34-2. Gustafson recorded the trust deed in Skagit County on December 5, 2008. Docket No. 34-1 at 77.

On July 1, 2009, Debtors entered into a Lease Agreement with Denise Newman, in which they agreed to rent the Washington Property to Newman for $450 per month for a period of one year, through June, 2010. Docket No. 34-4. Under the lease, Newman is required to pay all utilities; however, Mr. Harris testified in his deposition that Debtors pay the sewer and water bills for the Washington Property. Docket Nos. 34-4; 34-1 at 83-84. Debtors have received regular rental payments from Newman under

---

[3] The parties selected $90,000 as the amount for the promissory note and trust deed, because that was the limit of the line of credit. It appears to be undisputed that when Debtors filed their bankruptcy petition, the amount owing on the line of credit was $74,347, of which $10,000 to $15,000 was debt incurred by Gustafson individually. *Id*. at 69-71; Docket No. 34-2.

MEMORANDUM OF DECISION - 4

the lease.  Docket No. 34-4.

On November 5, 2009, Debtors signed a Declaration of Homestead concerning the Washington Property.  Docket Nos. 25, 34-2.  The declaration is notarized in Ada County, but the copy provided to the Court contains no recorder's stamp.  This omission is not critical under the circumstances presented here.  On November 9, 2009, Debtors recorded a similar Declaration of Homestead in Skagit County, Washington.  Docket No. 34-1.  The declarations both recite that they were executed and filed under Idaho <u>and</u> Washington law.  *Id*.  On November 5, 2009, Debtors filed a Declaration of Abandonment pursuant to Idaho Code § 55-1004 on the Felly Rim Ct. home in Boise.  Docket No. 34-2.  That document was recorded on November 6, 2009.  *Id*.

When the auto businesses failed, foreclosure proceedings were commenced on Debtors' Idaho home.  On December 1, 2009, Debtors filed their chapter 7 petition.  Docket No. 1.  On schedule A, they listed three parcels of real property.  They listed the house on Felly Rim Ct. in Boise, which they valued at $300,000, and which they indicated serves as

MEMORANDUM OF DECISION - 5

collateral for a secured claim of $1,162,563. Docket No. 15. A second parcel listed in the schedules is located on Eisenman Road in Boise, Idaho, is valued at $1,115,000, and secures a claim in the amount of $1,113,784. *Id*. The last parcel listed by Debtors is the Washington Property. Debtors value that house at $60,000, and indicate it is subject to the trust deed for $60,000 in favor of Gustafson. *Id*. The assessed value of the Washington Property is $81,500. Docket No. 34-1 at 52. Debtors' petition lists their residence as Felly Rim Ct. Docket No. 1.

On schedule C, Debtors claimed the Washington Property exempt as their homestead pursuant to Idaho Code §§ 55-1001 – 1003, and Washington Code § 6.13.010 – 6.13.030 *et seq.* Docket No. 36. In their schedules, Debtors indicate their intention is to retain the Washington Property and reaffirm the Gustafson debt.

### *Conclusions of Law and Disposition*

A.

When a petition for bankruptcy is filed, "all legal or equitable interests of the debtor in property" become the property of the bankruptcy

MEMORANDUM OF DECISION - 6

estate, and are available for distribution to creditors. 11 U.S.C. § 541(a)(1). However, § 522(b)(1) allows individual debtors to exempt property from the bankruptcy estate, and to thereby shield it from administration by a chapter 7 trustee. Because Idaho has "opted out" of the Code's exemption scheme, debtors in this state may claim only those exemptions allowable under Idaho law, as well as those listed in § 522(b)(3). Idaho Code § 11-609; 11 U.S.C. § 522(b)(3).

An Idaho debtor is permitted to claim an exemption in a qualifying homestead. Idaho Code § 55-1001, *et seq.*; *In re Cerchione*, 398 B.R. 699, 703 (Bankr. D. Idaho 2009), *aff'd* 414 B.R. 540 (9th Cir. BAP 2009). Once properly established, the debtor may exempt up to $100,000 of equity in a homestead. Idaho Code § 55-1003.

As the objecting party, Trustee bears the burden of proving that Debtor's claim of exemption is not proper. Rule 4003(c); *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n. 3 (9th Cir. 1999); *In re Cerchione*, 398 B.R. at 703. The validity of the claimed exemption is determined as of the date of filing of the bankruptcy petition. 11 U.S.C. § 522(b)(3)(A); *Culver*,

MEMORANDUM OF DECISION - 7

*L.L.C. v. Chiu (In re Chiu),* 266 B.R. 743, 751 (9th Cir. BAP 2001). The homestead exemption statutes are to be liberally construed in favor of the debtor. *In re Cerchione,* 398 B.R. at 703; *In re Kline*, 350 B.R. 497, 502 (Bankr. D. Idaho 2005) (citing *In re Steinmetz*, 261 B.R. 32, 33 (Bankr. D. Idaho 2001)).

B.

In this case, Debtors have claimed a homestead exemption in their Washington Property, and Creditor has objected.[4] Creditor argues that Idaho homestead law does not permit Debtors to claim a homestead on a house and real property located in another state. Debtors disagree, but in the alternative, also rely on Washington law, specifically RCW 6.13.010, to support their claim of a homestead exemption. Docket No. 25.[5] In particular, Debtors contend that they intend to reside at the Washington

---

[4] Curiously, the chapter 7 trustee has not objected to this claim.

[5] Debtors' response to Creditor's objection takes the form of an answer, in which they admit, deny and put forth various allegations. However, in the response, Debtors provide little in the way of legal analysis or argument to assist the Court in understanding their position.

MEMORANDUM OF DECISION - 8

Property because they are losing their Felly Rim Ct. home in Boise to foreclosure, their businesses in Boise have failed, and thus they will return to Washington, where each of them grew up and their families reside.

1. Idaho Homestead Law.

In a prior case, this Court considered whether the Idaho homestead exemption statute was applicable to a home located in Ohio. The Court stated:

> Absent local decisional support to the contrary, this Court holds that Idaho's exemption laws do not allow Debtors to claim a homestead on real property located outside the state of Idaho.

*In re Halpin*, 94 I.B.C.R. 197, 198 (Bankr. D. Idaho 1994).

Since *In re Halpin* was decided, there have been no additional decisions by this or the Idaho courts giving the Idaho homestead law extra-territorial application. Moreover, Debtors have not advanced a persuasive argument for the Court to deviate from that decision. Accordingly, the Court concludes that Debtors may not employ the Idaho

MEMORANDUM OF DECISION - 9

homestead exemption to a home located in Washington state.[6]

2.  <u>Washington Homestead Law</u>.

May Debtors claim a homestead exemption under Washington law in the course of their Idaho bankruptcy proceedings? As noted above, Debtors filed a separate homestead declaration in both Idaho and Washington, each citing both Idaho Code § 55-1004 and Washington Code § 6.13.010.[7] In their schedules, Debtors claimed a homestead exemption based upon both Idaho and Washington statutes. Docket Nos. 25; 36.

---

[6] Debtors' claim to a homestead under Idaho law would likely face other significant problems even if it did apply in their situation. However, given *In re Halpin*, the Court need not address them here.

[7] Washington Code § 6.13.010 provides, in pertinent part:
> The homestead consists of real or personal property that the owner uses as a residence. In the case of a dwelling house or mobile home, the homestead consists of the dwelling house or the mobile home in which the owner resides or intends to reside, with appurtenant buildings, and the land on which the same are situated and by which the same are surrounded, or improved or unimproved land owned with the intention of placing a house or mobile home thereon and residing thereon. . . . Property included in the homestead must be actually intended or used as the principal home for the owner.

MEMORANDUM OF DECISION - 10

The Bankruptcy Code incorporates what is essentially a choice of law provision regarding exemptions in § 522(b). It provides:

> (3) Property listed in this paragraph is —
> (A) subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place[.]

11 U.S.C. § 522(b)(3)(A). As can be seen, in designating which statutes Debtors may invoke to claim exemptions, the Code limits them to the "State law that is applicable to the debtor" as determined by their domicile. As our bankruptcy appellate panel observed,

> The combined effect of the 730-day domicile period for determining the applicable state exemption law and the 180-day period for determining venue is that the law for exemptions

MEMORANDUM OF DECISION - 11

> may be different from the law of the forum. In such a case, "the court must give effect to those exemptions allowed by the law of the state of domicile, and it makes no difference where the property is situated or where the petition is filed, so long as the property is exempt under the law of the domiciliary state." 4 Collier on Bankruptcy ¶ 522.06 at 522-41, citing, *inter alia*, *Arrol v. Broach (In re Arrol)*, 170 F.3d 934, 936-37 (9th Cir. 1999).

*In re Urban*, 375 B.R. 882, 888-89 (9th Cir. BAP 2007).

There is no question here that Debtors' domicile and the proper venue for this bankruptcy case is Idaho, as Debtors have continuously resided here since late 2001. Docket No. 34-1 at 23. Because both the proper venue for this case and Debtors' domicile are located in Idaho, § 522(b) mandates that Idaho exemption law control which exemptions they may claim. As a result, Debtors have no basis upon which to apply Washington exemption law.

But Debtors' Washington exemption claim suffers from other defects. Even if the Court were to apply Washington exemption law, under that state's statutes, Debtors must demonstrate that they intend to reside there. *See* Washington Code § 6.13.010 (providing that a

MEMORANDUM OF DECISION - 12

"homestead consists of the dwelling house . . . in which the owner resides *or intends to reside* . . . . Property included in the homestead must be *actually intended* or used as the principal home for the owner.") (emphasis supplied). Debtors have not adequately proven in this case they intend to move to Washington and live in the Washington Property.

It is true that each of the debtors have family living in the area near the Washington Property. Debtors also own the Washington Property outright, and they pay the taxes, homeowners insurance and the water and sewer bills associated with that home. Furthermore, Mr. Harris' brother owns an off-road vehicle business, and he has apparently agreed to employ him if Debtors return to Washington.

On the other hand, Ms. Harris holds a steady job in Boise, and has not looked for work in Washington. She acknowledges her intent to obtain a college degree, and needs to complete eighteen months of course work at the local college to finish.

Additionally, according to his deposition testimony, while Mr. Harris has been told he can work for his brother, he has no guarantee of a

MEMORANDUM OF DECISION - 13

long-term position, is not even sure of exactly what he would be doing at his brother's store, but assumes it would be sales, and his salary would be based on commissions. He also acknowledged that his brother's business has been adversely affected by the current economic conditions.

Finally, Debtors note that their future plans are anything but firm. They only conceived of the notion of moving to Washington and living at the Washington Property at approximately the same time as they filed their bankruptcy petition, after their businesses had failed and their residence was in jeopardy of foreclosure. In his deposition, Mr. Harris made it clear that if he found employment in Boise, they might stay:

> Q. And if you got better jobs here or you started making more money in your business, you might stay here; right?
>
> A. Yes.

Docket No. 34-1 at 104. He further testified:

> Q. But if you did find work here, you could stay here?
>
> A. Possibly.

*Id*. at 113.

MEMORANDUM OF DECISION - 14

On these facts, and viewing the evidence in Debtors' favor, the most the Court can find is that Debtors' intend to move to Washington only if no better options come along that would allow them to remain in Boise.[8] In other words, the evidence concerning Debtors' intent to reside in Washington is equivocal, and is insufficient to establish a homestead under Washington law. *See In re Naputi*, 07.2 I.B.C.R. 33 (Bankr. D. Idaho 2007) (debtors' contacts with Guam were insufficient to establish intent to reside there); *Traverso v. Cerini*, 263 P. 184 (Wash. 1928) ("there must be in every such case a good-faith intent to occupy the premises as a homestead, and this intent must be shown by something more than by mere declarations").

    3. The "Hanging Paragraph" in § 522(b).

In the event the Court were to conclude, as it has, that neither Idaho nor Washington law supply a basis for a homestead exemption, Debtors insist that the so-called "hanging paragraph" following the text of

---

[8] In fairness, however, the Court notes that Debtors are hesitant to make firm plans to move with the bankruptcy status of the Washington Property still in question.

MEMORANDUM OF DECISION - 15

§ 522(b)(3) rescues them.  That paragraph provides:

> If the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under subsection (d).

11 U.S.C. § 522(b).

This Court has previously held that "[w]hen this provision is plainly read, the federal exemptions are available only to those debtors who are 'ineligible for *any* exemption' due to the domiciliary requirements of § 522(b)(3)(A)." *In re Katseanes*, 07.4 I.B.C.R. 79, 80 (Bankr. D. Idaho 2007) (internal citations omitted) (emphasis supplied).  Here, it is not just § 522(b)'s domiciliary requirement that renders Debtors ineligible for a homestead exemption.  In addition, Debtors are, in fact, entitled to claim other kinds of exemptions on various types of property under Idaho law, and indeed they have done so without objection from the case trustee or creditors.  Rather, the culprit to Debtors' approach is that the home they claim as a homestead is located in another state.  Simply put, the "lifeboat" effect of the hanging paragraph of § 522(b) is of no assistance to Debtors in

MEMORANDUM OF DECISION - 16

this instance.

### *Conclusion*

Under § 522(b), Debtors must rely upon Idaho law to establish their homestead, but Idaho's exemption statute has no extraterritorial application, and thus a homestead located in Washington is ineligible. Moreover, even if Washington law applied to this case, Debtors did not establish, to a sufficient evidentiary degree, their intent to move to and reside in the Washington Property.

Creditor's objection to Debtors' claim of homestead exemption will be sustained and the exemption claim disallowed in a separate order.

Dated: June 23, 2010

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 17